MANUFACTURERS TRUST COMPANY, Appellant, *v.* THOMAS WEITE-MEYER and ELIZABETH WEITEMEYER, Respondents.

First Department, January 24, 1941.

*Leonard G. Bisco* of counsel [*Samuel Chugerman* and *William J. Granger* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*Jacob Rosenberg*, for the respondents.

GLENNON, J. Plaintiff instituted this action to recover a balance of $8,955.87 due upon an account stated pursuant to the provisions of a written agreement which is annexed to the complaint. The original transaction involved a loan of $75,000 to defendants. The loan was made prior to 1931 by the Chatham Phenix National Bank and Trust Company, which subsequently was merged into plaintiff, and it was secured by the collateral which is set forth in the agreement.

The defendants interposed three affirmative defenses which were stricken out by the court at Special Term, New York county, and since there is no cross-appeal, they need not be considered here. The plaintiff's motion, in so far as it demanded that the fourth

defense and counterclaim be stricken out, was denied. Plaintiff, as a consequence, has taken this appeal.

It is only by wading through a mass of irrelevant allegations that one can reach the conclusion that the so-called facts upon which defendants rely for their fourth defense and counterclaim are, in substance, as follows:

(1) As basis for the claim of usury, that at the time the original loan of $75,000 was made prior to 1931, the defendants received only $60,000 and the plaintiff retained the balance of $15,000 in the form of a certificate of deposit in favor of defendants, which apparently was held by the bank as additional security for the loan;

(2) That the plaintiff demanded additional collateral in the form of paintings, which deprived the defendants of the opportunity of selling them at a profit;

(3) A transaction with one Goetz, now deceased, in 1930, wherein the latter deposited a check in the sum of $4,000 with plaintiff and it applied it in payment of Goetz's note when, in fact, the deposit belonged in part to the defendants;

(4) That the plaintiff applied money which it received from Goetz on account of the latter's obligations to it, and did not credit the payments so received to the indebtedness of the defendants, with the result, so it is said, that the defendants could not collect from Goetz the sum of $200 a month which he had agreed to refund to the defendants in reduction of his obligation to them;

(5) That the defendants were compelled by plaintiff's threat of foreclosure and sale of their collateral, to sign the agreement which is annexed to the complaint;

(6) That the plaintiff compelled the defendants to sell to one of its officers valuable paintings for the sum of $4,000 which in fact were valued at $15,000, and then it is asserted parenthetically, " In passing, it may be remarked that said three paintings were hanging and being used in the office of said officer, without the consent or knowledge of the defendants."

It is well nigh impossible to determine exactly what the pleader had in mind in preparing his so-called fourth defense and counterclaim. Section 241 of the Civil Practice Act provides: " Pleadings; what to contain. Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved."

Obviously this pleading does not conform to the requirement of the statute nor to the requirement that separate causes of action should be separately stated and numbered. Plaintiff should not be required to join issue with the loose allegations of defendants' fourth defense and counterclaim.

The order, in so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the fourth defense and counterclaim stricken out, with leave to the defendants to plead over within ten days, on payment of said costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion to strike out the fourth defense and counterclaim granted, with leave to the defendants to plead over within ten days after service of order to be entered hereon, on payment of said costs.   Settle order on notice.